# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **JAMES GLYN BLACKBURN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 3:11-CV-4369-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff James Glyn Blackburn ("Mr. Blackburn") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act (the "Act"). He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Secretary"), who denied his application for Supplemental Security Income ("SSI").[1] Mr. Blackburn timely pursued and

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks SSI or Disability Insurance Benefits ("DIB"). However, separate, parallel statutes and regulations exist for SSI and DIB claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

exhausted his administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Blackburn was a 48 year-old male at the time of his hearing before the administrative law judge (the "ALJ") held on May 9, 2011. (Tr. 52, 24). In terms of education, Mr. Blackburn graduated from high school and spent some time in college, but did not ever obtain a graduate degree. (Tr. 30). Mr. Blackburn's prior work experience over the past fifteen years was as a tree trimmer (classified as a heavy, semi-skilled position by the vocational expert), and as a hand packer (classified as a medium, unskilled job). (Tr. 43).

Mr. Blackburn protectively applied for SSI on February 19, 2009. (Tr. 12, 52). Mr. Blackburn maintains that he became disabled on March 1, 1999, due to degenerative joint disease of his right shoulder and knee, obesity, and a generalized anxiety disorder. (Tr. 14, 52). His claim was denied initially on June 24, 2010. (Tr. 12, 52).

Mr. Blackburn timely filed a request for a hearing that was received by the Social Security Administration on July 1, 2010. (Tr. 12, 61). A hearing was held on

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

May 9, 2011, in Florence, Alabama. (Tr. 12, 24).

On June 22, 2011, the ALJ concluded Mr. Blackburn was not disabled as defined by the Act and denied his SSI application. (Tr. 12-20). On July 20, 2011, Mr. Blackburn submitted a request for review of the ALJ's decision. (Tr. 7). On October 28, 2011, the Appeals Council denied review, which resulted in the ALJ's disability determination that was adverse to Mr. Blackburn becoming the final decision of the Commissioner. (Tr. 1).

On December 30, 2011, Mr. Blackburn initiated his lawsuit with this court asking for a review of the Commissioner's decision. (Doc. 1). Mr. Blackburn did not file a brief in support of his appeal. On July 23, 2012, the Commissioner filed his brief (Doc. 8), and the appeal is now under submission. This court has carefully considered the record, and for the reasons stated below, affirms the Commissioner's denial of benefits.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine

if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish an entitlement for a period of disability, the claimant must be disabled as defined by the Act and the Regulations

promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

---

[3] The "Regulations" promulgated under the Act are listed in 20 C.F.R. Parts 400 to 499, as current through January 24, 2013. *See, e.g.,* 20 C.F.R. § 401.5 ("Current through February 7, 2013").

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

### **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found Mr. Blackburn had not engaged in substantial gainful activity since the date of his SSI application, *i.e.*, February 19, 2010. (Tr. 14 ¶ 1). Thus, the claimant satisfied step one of the five-step test. 20 C.F.R. § 404.1520(b).

Under step two, the ALJ concluded that "[t]he claimant has the following severe impairments: degenerative joint disease of his right shoulder and knee, obesity, and a generalized anxiety disorder[.]" (Tr. 14 ¶ 2). Accordingly, the ALJ concluded that Mr. Blackburn satisfied the second step of the sequential disability evaluative process. 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. Blackburn did not have an

impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14 ¶ 3; Tr. 14-15).

The ALJ then evaluated Mr. Blackburn's residual functional capacity ("RFC"), and the claimant was found to have the capacity:

> [T]o perform light work . . . lifting and carrying up to 20 pounds occasionally and up to 10 pounds frequently. He can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday, with normal breaks. He can frequently perform activities involving climbing of ramps/stairs and climbing of ladders/ropes/scaffolding. He can also frequently perform activities involving balancing and stooping, but can only occasionally kneel, crouch, and crawl. He would have some limitation with reaching in all directions, but would have no limitations with handling, fingering, or feeling. He should avoid all exposure to hazardous conditions, such as work around machinery or work at heights. In addition, he can understand and remember simple instructions, but should not have work with detailed instructions. He can also carry out simple instructions and sustain attention to perform routine or familiar tasks for extended periods. He would function best in his own work area, without close proximity to others. He can tolerate ordinary work pressures, but should not be involved in work activities that require close coordination with others, work activity involving contact with crowds, or work activity that requires multiple demands. Any contact with the public should be non-intensive and contact with co-workers should be casual. Any changes in work activity should be infrequent and well explained.

(Tr. 15 ¶ 4).[4]

---

[4] The Regulations define light work as:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in

The ALJ next determined that Mr. Blackburn's impairments prevented him from performing his past relevant employment as a tree trimmer and hand packer. (Tr. 19; *id.* ¶ 5). Because the ALJ found that Mr. Blackburn was unable to perform past relevant work, it was necessary to continue to step five of the sequential analysis. (Tr. 19-20).

Relying upon vocational expert testimony and using the medical-vocational rules as a framework, the ALJ determined that Mr. Blackburn was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 20). Examples of such positions included employment as a hand packer (in a light exertional capacity as opposed to Mr. Blackburn's former hand packer position which had a medium exertional level) (*compare* Tr. 45 *with* Tr. 43), an assembler, and a machine tender. (Tr. 20). Accordingly, the ALJ concluded that Mr. Blackburn was not disabled as defined by the Act, and denied his SSI claim.

---

> this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (current through February 7, 2013).

(Tr. 20; *id.* ¶ 10).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5]

Here, the Commissioner contends that substantial evidence supports the ALJ's decision that Mr. Blackburn is not disabled, and Mr. Blackburn, in the absence of filing a brief, has not pointed to any specific evidentiary or legal flaws for the court to consider. In its review of the record, this court finds that the ALJ has committed no reversible error and has supported his disability decision with substantial evidence.

In particular, in formulating Mr. Blackburn's RFC, the ALJ expressly relied upon the physical functional findings made by consultative examiner Brad M. Ginevan, M.D. ("Dr. Ginevan") on April 29, 2010. (Tr. 17-18; *see also* Tr. 206 ("**FUNCTIONAL RESTRICTIONS**: Based on today's exam, the client is unable to

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

squat or do any heavy lifting or reaching.")).  The ALJ also gave considerable weight to the physical capacity assessment completed by Robert H. Heilpern, M.D. on June 24, 2010.  (Tr. 18; *see also* Tr. 227-234).

Further, with respect to Mr. Blackburn's vocational limitations related to his anxiety disorder, the ALJ specifically referenced the mental functional findings made by consultative examiner Bonnie L. Atkinson, Ph.D., L.L.C. ("Dr. Atkinson") on April 27, 2010, including Mr. Blackburn's Global Assessment Functioning ("GAF") score of 65.[6]  (Tr. 17-18; *see also* Tr. 201 ("The claimant does have sufficient judgment to make simple work decisions."); Tr. 202 ("Axis V: 65")).  The ALJ also placed considerable weight upon the mental capacity assessment completed by Gloria Roque, Ph.D. on May 10, 2010.  (Tr. 18; *see also* Tr. 221-24).

Thus, the ALJ's RFC determination is not based solely upon raw and unfiltered medical data contained in the record.  Instead, the administrative finding is substantially supported by consultative medical proof confirming Mr. Blackburn's vocational abilities given his collection of severe physical and mental impairments.

---

[6] A GAF of 65 falls within a range of scoring that indicates "mild symptoms with some difficulty in social and occupational functioning."  *Jarrett v. Commissioner of Social Security*, 422 Fed. App'x 869, 873 (11th Cir. 2011) (citing American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2000)).

Furthermore, the court sees no other possible basis for remand. Accordingly, the case is due to be affirmed on appeal.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the Commissioner's brief, the court concludes that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 14th day of February, 2013.

 

**VIRGINIA EMERSON HOPKINS**
United States District Judge